## WILLIAM H. PHINNEY *vs.* JOHN W. DAY.

### Washington.    Opinion March 4, 1884.

*Mortgagor and mortgagee. · Tax title.    Betterments.*

B conveyed land by a mortgage deed to L in 1862, and L's assignee in bankruptcy conveyed the same by deed to P in 1880; again, B conveyed the same land by deed to S in 1868, and S conveyed the same to D in 1871; prior to the conveyance to P the assignee in bankruptcy brought suit against D, declaring on the mortgage, and obtained conditional judgment, and then a writ of possession, upon which formal possession was delivered to him; *Held* in a real action by P against D that P was entitled to judgment, and that the relation of the parties appeared to be that of mortgagee and mortgagor.

It is the duty of one in possession under a mortgagor's title to pay the taxes,. and he cannot set up a tax title obtained through his own neglect to pay the taxes in defence to an action for possession brought by one holding the title of the mortgagee.

All improvements made by one holding a mortgagor's title enure to the benefit of the mortgagee or those holding under him.

ON REPORT.

This was a real action in which the plaintiff demanded the possession of certain land in the town of Wesley, formerly known as the Stinchfield farm, and afterwards called the Timothy

M. Blaisdell farm. The writ was dated November 26, 1880. The plea was *nul disseizen*, and a brief statement in which the defendant denied the title of the plaintiff and that of his grantor, and set out that the defendant was in possession as the tenant of Elias Day who was the legal owner of the premises under a tax title, also a claim for betterments.

The material facts are stated in the opinion.

*Charles Sargent*, for the plaintiff.

*John F. Lynch*, for the defendant.

WALTON, J. This is a real action, and the relation of the parties seems to be that of mortgagor and mortgagee, the defendant holding the equity of redemption, and the plaintiff the title of a mortgagee. Both parties derive their titles from one Timothy M. Blaisdell; the plaintiff by a mortgage deed from him to Eri and Edwin Longfellow, dated January 16, 1862, and a conveyance from them (by their assignee in bankruptcy) to the plaintiff, dated July 15, 1880; and the defendant by a convey-ance from Blaisdell to Charles W. Stinchfield, dated April 17, 1868, and a deed from Stinchfield to the defendant, dated August 14, 1871. And this relation of the parties is confirmed by a judgment of this court. The assignees in bankruptcy of Eri and Edwin Longfellow brought an action against this same defendant in which it was averred that the bankrupts were mortgagees of the same premises demanded in this action, and the defendant did not contest the suit, but allowed judgment to go against him by default. A conditional judgment was rendered, and the condition not having been performed, a writ of possession issued, and formal possession was delivered to the assignees in bankruptcy; and one of them having died, the survivor sold and conveyed the premises to the plaintiff, as already stated.

Such being the relation of the parties we think the plaintiff is very clearly entitled to judgment. Whether the mortgage under which the plaintiff claims, or a prior mortgage upon the same premises, have or have not been legally foreclosed, is unimportant, for it in no way affects the plaintiff's right to the possession of the premises.

The defendant's attempt to set up a tax title to defeat the action can not prevail. ‐The case does not show that the tax was legally assessed, or that the sale was conducted according to law. Besides, the defendant being in possession under a mortgagor's title, it was his duty to pay the taxes and thus prevent a sale, and the law will not allow him to derive an advantage from the non-performance of this duty. And very clearly the plaintiff was under no obligation to deposit with the clerk of the court the amount of the taxes paid by the defendant, or any one else; before proceeding to the trial of his action against this defendant, for in no event could the defendant be entitled to receive it.

And the defendant's claim to be compensated for his betterments is equally unfounded. All improvements made by one holding a mortgagor's title enure to the benefit of the mortgagee, or those holding under him. Besides, the defendant's possession had not continued uninterrupted for a sufficient length of time when this suit was commenced to entitle him to betterments. The case shows that his possession was interrupted in August, 1877, when the writ of possession in the former suit was served upon him, and that was less than four years before the commencement of this suit. The six years' actual possession, which entitles one to betterments, must be the six years immediately preceding the commencement of the suit. *Kelley* v. *Kelley*, 23 Maine, 192; *Page* v. *Finson*, 74 Maine, 512. ·

*Judgment for plaintiff.*

PETERS, C. J., BARROWS, DANFORTH and LIBBEY, JJ., concurred.